Affirmed and Memorandum Opinion filed December 2, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00956-CR

___________________

 

Zhi Xuan House, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the County Criminal Court at Law No. 3

Harris County,
Texas



Trial Court Cause No. 1593822

 



 

 

MEMORANDUM OPINION

A jury found appellant, Zhi Xuan
House, guilty of prostitution.  Pursuant to an agreement with the State,
appellant was sentenced to three days in jail and a $300 fine.  In her sole
point of error, appellant argues the trial judge erred by denying her challenge
for cause of a juror.

FACTUAL AND
PROCEDURAL BACKGROUND

During voir dire, counsel for appellant asked the
venirepersons to raise their hands in answering this question: “[H]ow many of
you folks think maybe she is probably a little bit guilty?” Venireperson Wong raised
his hand.  Appellant later moved to strike Wong, but the trial court decided to
individually question him before deciding whether a for-cause strike was
appropriate.  During the questioning at the bench, appellant’s counsel asked
Wong, “So you are leaning in favor of the State, correct?”  Wong responded,
“Without having heard evidence from the trial, yes.”

The trial court then discussed the fact that the
United States and Texas Constitutions create a presumption of innocence.  After
that discussion, the trial court eventually asked, “And so [the prosecutors]
have got to overcome that presumption beyond a reasonable doubt, every element
beyond a reasonable doubt.  Can you do that?”  Wong responded, “I think I can. 
I’m sure I can.”  

Shortly thereafter, the court asked, “Can you and will
you follow the rules?”  Wong stated, “Yes, I can.”  

At that point, appellant asked more questions of
Wong.  Wong’s responses indicated that without hearing evidence, he believed appellant
was probably guilty.  

The court then asked if the venireperson could
separate what he personally believed versus what he would decide as a juror. 
Wong responded, “I like that . . . I absolutely can do that.”  The court then
questioned, “If you get in my position — or the position of a juror who’s sworn
to follow the law, which is as I’ve explained to you . . . will you do that and
can you do that and can you put aside what you said you’re feeling that
something happened and make your decision based upon the evidence beyond a
reasonable doubt, that [the prosecutor] has got to bring to you?  You know,
this woman is covered with a shield of the presumption of innocence.”

Wong responded, “Yes.”

The court continued, “And [the prosecutors] have to
overcome it.  And you can’t give them any breaks . . .”

Wong declared, “No, I think I can.  I know I can.” 

After this final exchange, the trial court overruled
appellant’s objection to Wong for cause.  

DISCUSSION

In her sole issue, appellant argues the trial court
erred in failing to remove venireperson Wong from the jury pool for cause.  

A.     Standard
of Review

The trial court is the proper authority to determine
a venireperson’s ability to serve.  Code Crim. Proc. Ann. art. 35.21 (West
2010). We review a trial court’s decision to deny a challenge for cause under
an abuse-of-discretion standard.  Russeau v. State, 171 S.W.3d 871, 879
(Tex. Crim. App. 2005); Colburn v. State, 966 S.W.2d 511, 517 (Tex.
Crim. App. 1998).  An appellate court has a duty to examine the record as a
whole to determine whether there is support for the trial court’s ruling.  Ladd
v. State, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999).  If there is support,
we must defer to the trial court because the trial court actually witnessed the
venireperson’s demeanor.  Id.  “If a venireperson vacillated or
equivocated with respect to his ability to follow the law, the appellate court
must defer to the trial court’s judgment.”  Id.  

B.      Analysis

A defendant in a criminal matter may make a challenge
to a venireperson for cause if the venireperson “has a bias or prejudice
against any of the law applicable to the case.”  Code Crim. Proc. art.
35.16(c)(2).  Appellant argues venireperson Wong had a bias against the
presumption of innocence.  The standard for juror removal for bias against the
law is “whether the veniremember’s beliefs would prevent or substantially
impair him from following the law as set out in the trial court’s instructions
and as required by the juror’s oath.”  Lagrone v. State, 942 S.W.2d 602,
616 (Tex. Crim. App. 1997).  

We have examined the record and conclude there is
support for the trial court’s ruling.  See Ladd, 3 S.W.3d at
559.  During voir dire, Wong made some statements that he was “leaning” towards
believing appellant was guilty.  When questioned, however, Wong stated he
understood the presumption of innocence and could follow the law.  He also
stated that he could require the State to overcome its burden on every
element.  

The Court of Criminal Appeals has ruled on a similar
case.  See Ladd v. State, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999).  In Ladd,
a juror stated during voir dire that he “leaned” towards believing the
defendant was guilty because he had been arrested and indicted.  Id. 
After the State and trial court questioned the venireperson further, however,
he stated he could “follow the law, hold the State to its burden of proof, and
presume the defendant innocent.”  Id.  The Court of Criminal Appeals
found the trial court acted within its discretion when it did not dismiss the
juror for cause.  Id.  

More recently, the Court of Criminal Appeals upheld
the trial court’s discretion in another case.  Swearingen v. State, 101
S.W.3d 89 (Tex. Crim. App. 2003).  The defendant in this case was charged with
the murder of a woman.  The Court of Criminal Appeals decided that even when a
juror admitted a “slight bias against the defendant” due to media coverage of
the crime and the fact that he was the father of daughters, a venireperson was
fit to serve as a juror when he stated he could follow the presumption of
innocence.  Id. at 99.

Appellant has presented no evidence that Wong’s
vacillations were any greater than those of the venirepersons listed in the above
cases.  Nor has she shown Wong was incapable of deciding the case when he
stated he could follow the law and apply the presumption of innocence.  

Thus, we defer to the trial court’s decision in
determining the venireperson’s fitness for jury duty on this point.  Id. 
Consequently, we find the trial court did not abuse its discretion in denying
appellant’s motion to strike Wong for cause.  Appellant’s point of error is
overruled.

 

 

CONCLUSION

Having overruled appellant’s sole issue, we affirm
the trial court’s ruling.  

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).